UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY DEFENDERS FUND,<br><br>       Plaintiff,<br><br>       v.<br><br>U.S. DEPARTMENT OF<br>JUSTICE,<br><br>       Defendant. | **)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**<br>**)**    Civil Action No. 26-1072 (LLA) |

## **ANSWER**

Defendant, the United States Department of Justice ("DOJ" or "the Department"), by and through undersigned counsel, respectfully submits the following Answer to Plaintiff Democracy Defenders Fund's Complaint, ECF No. 1, in this Freedom of Information Act ("FOIA") action.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other action; or (c) are admissible in this, or any other action. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows.

Defendant responds to the Complaint in like-numbered paragraphs, as follows:

**PRELIMINARY STATEMENT[1]**

1.      This paragraph consists of Plaintiff's characterization of this action, Plaintiff's characterization of its FOIA request, and legal conclusions, to which no response is required.  To the extent that a response is required, Defendant admits only that Plaintiff brought this action under the FOIA, and denies all other allegations.

2.      This paragraph consists of a legal conclusion, to which no response is required.

**JURISDICTION AND VENUE**

3.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required.  To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.  5 U.S.C. § 552 *et seq*.

4.      This paragraph consists of a legal conclusion, to which no response is required.

5.      This paragraph consists of a legal conclusion regarding venue, to which no response is required.  To the extent that a response is required, Defendant admits only that venue is proper in this judicial district for actions brought under the FOIA.

6.      This paragraph consists of a legal conclusion, to which no response is required.

**PARTIES**

7.      Defendant lacks sufficient knowledge or information to form a belief regarding the truth of the allegations contained in this paragraph.

8.      Defendant admits only that the Department of Justice ("DOJ") is a federal agency subject to FOIA with a headquarters in Washington, DC.

---

[1]      Defendant replicates the headings contained in the Complaint for ease of reference only. To the extent that a response is deemed required, and to the extent that those headings could be construed as factual allegations, such allegations are denied.

9.      This paragraph consists of legal conclusions, to which no response is required.

**STATEMENT OF FACTS**

10.     This paragraph consists of Plaintiff's characterization of the cited materials, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the cited materials for a complete and accurate statement of their contents, and denies any allegations in this paragraph inconsistent therewith.

11.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence

3

or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

14.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

15.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

16.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims

of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

17.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

18.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

19.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

21.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.     This paragraph consists of Plaintiff's characterization of the cited letter, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the cited letter for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

23.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

24.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.     To the extent the allegations seek to provide background facts in support of

allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.    Defendant admits only that it received a FOIA request from Plaintiff on February 3, 2026.[2]  The remainder of this paragraph consists of Plaintiff's characterization of its February 3, 2026 FOIA request, to which no response is required.  Defendant respectfully refers the Court to Plaintiff's February 3, 2026 FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

27.    This paragraph consists of Plaintiff's characterization of its February 3, 2026 FOIA request.  Defendant respectfully refers the Court to Plaintiff's February 3, 2026 FOIA request for a complete and accurate statement of its contents, and denies any allegations in this paragraph inconsistent therewith.

28.    This paragraph consists of Plaintiff's characterizations of communications with the Department, to which Defendant responds as follows:

a.    Defendant denies that the Department's Executive Office for United States Attorneys ("EOUSA") acknowledged Plaintiff's February 3, 2026 FOIA request on February 4, 2026, and avers that EOUSA sent Plaintiff a letter dated February 3, 2026, acknowledging Plaintiff's February 3, 2026

---

[2]    Defendant avers that Plaintiff's FOIA request was dated February 2, 2026, but was received on February 3, 2026.

FOIA request.  Defendant further avers that EOUSA sent Plaintiff an additional letter dated February 4, 2026, addressing Plaintiff's request for expedited processing.  Defendant respectfully refers the Court to EOUSA's February 3, 2026 and February 4, 2026 letters for a complete and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.

b.  Defendant admits that the Department's Office of Information Policy ("OIP") sent Plaintiff a letter dated February 5, 2026, acknowledging Plaintiff's February 3, 2026 FOIA request.  Defendant respectfully refers the Court to OIP's February 5, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

c.  Defendant admits that the Department's Criminal Division ("CRM") sent Plaintiff a letter dated February 12, 2026, acknowledging Plaintiff's February 3, 2026 FOIA request.  Defendant respectfully refers the Court to CRM's February 12, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

d.  Defendant admits that the Department's Justice Management Division ("JMD") sent Plaintiff a letter dated February 12, 2026, acknowledging Plaintiff's February 3, 2026 FOIA request.  Defendant respectfully refers the Court to JMD's February 12, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations

in this paragraph inconsistent therewith.

29.     This paragraph contains a legal conclusion, to which no response is required.  This paragraph further contains Plaintiff's characterizations of communications with the Department, to which Defendant responds as follows:

a.     Defendant admits that CRM sent Plaintiff an email on March 19, 2026. Defendant respectfully refers the Court to CRM's March 19, 2026 email for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

b.     Defendant admits that JMD sent Plaintiff an email on March 20, 2026. Defendant respectfully refers the Court to JMD's March 20, 2026 email for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

c.     Defendant admits that OIP sent Plaintiff an email on March 23, 2026, and that Plaintiff replied to that email on March 23, 2026.  Defendant respectfully refers the Court to the email correspondence between OIP and Plaintiff on March 23, 2026 for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

d.     Defendant admits that EOUSA has not yet issued a final determination as to Plaintiff's February 3, 2026 FOIA request.

30.     Defendant admits only that CRM, EOUSA, JMD, and OIP have not yet issued final determinations as to Plaintiff's February 3, 2026 FOIA request.  The remainder of this paragraph consists of Plaintiff's characterization of this action and of its communications with

9

the Department, to which no response is required.  Defendant respectfully refers the Court to the above-referenced communications with the Department for a complete and accurate statement of their contents, and denies any allegations in this paragraph inconsistent therewith.

31.    To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.    This paragraph consists of Plaintiff's characterization of this action, to which no response is required.   To the extent a response is deemed required Defendant denies the allegations in this paragraph.

33.    Defendant admits that OIP sent Plaintiff a letter dated February 5, 2026, acknowledging Plaintiff's February 3, 2026 FOIA request.  Defendant respectfully refers the Court to OIP's February 5, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

34.    This paragraph consists of legal conclusions and of Plaintiff's characterization of its communications with the Department, to which no response is required.   Defendant respectfully refers the Court to the above-referenced communications with the Department for a complete and accurate statement of their contents, and denies any allegations in this paragraph inconsistent therewith.

**COUNT ONE**

35.    Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

36.    This paragraph consists of legal conclusions, to which no response is required.

37.    This paragraph consists of a legal conclusion, to which no response is required.

38.    This paragraph consists of legal conclusions, to which no response is required.

39.    Defendant admits only that twenty working days from February 3, 2026 was March 4, 2026.

40.    Defendant admits only that thirty working days from February 3, 2026 was March 18, 2026.  The remainder of this paragraph consists of Plaintiff's characterization of OIP's February 5, 2026 acknowledgment letter.  Defendant respectfully refers the Court to OIP's February 5, 2026 acknowledgement letter for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

41.    Defendant admits that CRM, EOUSA, JMD, and OIP have not yet issued final determinations as to Plaintiff's February 3, 2026 FOIA request.

42.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

43.    This paragraph consists of Plaintiff's characterization of this action and of legal conclusions, to which no response is required.

**COUNT TWO**

44.    Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

45.     Defendant admits only that CRM, EOUSA, JMD, and OIP have not yet issued final determinations as to Plaintiff's February 3, 2026 FOIA request.

46.     This paragraph consists of legal conclusions, to which no response is required.

47.     This paragraph consists of Plaintiff's characterization of this action and of legal conclusions, to which no response is required.

48.     This paragraph consists of a legal conclusion, to which no response is required.

## RELIEF REQUESTED

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested.

## DEFENSES

Defendant denies any and all allegations in the Complaint which have not otherwise been specifically admitted or denied herein.  Furthermore, Defendant reserves the right to alter, amend, or supplement the defenses contained in this Answer, as facts and circumstances become known to Defendant during the course of this litigation.

## FIRST DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request.  *See* 5 U.S.C. § 552(a)(6)(C).

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA.  *See* 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

## FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

## SIXTH DEFENSE

Plaintiff's requests fail to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

13

Dated:  June 8, 2026                        Respectfully submitted,
        Washington, DC
                                            JEANINE FERRIS PIRRO
                                            United States Attorney


By: _____ */s/ Thomas W. Duffey*_____

                                            THOMAS W. DUFFEY
                                            Assistant United States Attorney
                                            601 D Street, NW
                                            Washington, DC 20530
                                            (202) 252-2510

                                            *Attorneys for the United States of America*

14